UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| THE IRON QUARTER, LLC )<br>)<br>            Plaintiff     )<br>)<br>v.                                             )<br>)<br>JIM MIMS, et al.               )<br>)<br>            Defendants  )<br>_____ ) | No. 3:10-CV-00539-JGH |

**ANSWER OF INTERVOR-DEFENDANTS, DKH PROPERTIES, INC., LOUISVILLE HISTORICAL LEAGUE, INC., NEIGHBORHOOD PLANNING AND PRESERVATION, INC., OPEN LOUISVILLE, INC., AND PRESERVATION LOUISVILLE, INC.**

Intervenor-Defendants, DKH Properties, Inc., Louisville Historical League, Inc., Neighborhood Planning and Preservation, Inc., Open Louisville, Inc., and Preservation Louisville, Inc., (collectively, "Intervenor-Defendants") state as follows for their Answer to Plaintiff's Amended and Verified Complaint for Declaratory Judgment and Injunctive Relief and Petition for Writ of Mandamus ("Amended Complaint"):

1. Intervenor-Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraphs 1, 2, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of the Amended Complaint, and therefore deny the same.

1

2. Intervenor-Defendants admit that Jim Mims is Director of the Department of Codes and Regulations for the Louisville/Jefferson County Metro Government, but deny the remaining allegations contained in paragraph 3.

3. Intervenor-Defendants admit the allegations contained in paragraph 4 and 5 of the Amended Complaint.

4. Intervenor-Defendants are without knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 15 of the Amended Complaint, and therefore deny same.

5. Intervenor-Defendants deny the allegations contained in paragraph 16 of the Amended Complaint.

6. Intervenor-Defendants are without knowledge sufficient to form a belief as to the veracity of Plaintiff's allegations regarding its reliance on negotiations with Humana, Inc. and therefore deny the allegations contained in paragraph 17 of the Amended Complaint.

7. Intervenor-Defendants are without knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 18 of the Amended Complaint, and therefore deny same.

8. In response to the allegations contained in numerical paragraph 19 of the Amended Complaint, Intervenor-Defendants state that Exhibit A to Plaintiff's Amended Complaint speaks for itself, and denies those allegations to the extent they conflict with the document contained in Exhibit A. Intervenor- Defendants additionally deny any meaning attributed to the document contained in Exhibit A as set forth by Plaintiff in paragraph 19 of the Amended Complaint.

9. Intervenor-Defendants are without knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraphs 20 and 21 of the Amended Complaint, and therefore deny same.

10. With respect to the allegations contained in paragraphs 22, 23, 24, 25, 26, 27, 28, and 29, inclusive of its paragraphs, of the Amended Complaint which refer to various exhibits in Plaintiff's Complaint, Intervenor-Defendants assert that said documents speak for themselves and further aver said documents merely contain the opinions Plaintiff or Plaintiff's agents, the accuracy of which is generally denied by Intervenor-Plaintiffs.

11. To the extent that the allegations contained in paragraph 30 of the Amended Complaint reference Section 156.807 of the Louisville Metro Code of Ordinances (referred to by Plaintiff as "City Ordinance Section 156.807"), Intervenor-Defendants state that the ordinance exists, that it speaks for itself, and that it must be read in its entirety. To the extent the allegations contained in paragraph 30 of the Amended Complaint conflict with the ordinance, Intervenor-Defendants deny those allegations. Intervenor-Defendants deny any remaining allegations contained in paragraph 30 of the Amended Complaint.

12. To the extent the allegations contained in paragraphs 31, 32, and 33 of the Amended Complaint reference letters from Plaintiff to Louisville Metro Government and other documents, Intervenor-Defendants state that those letters and documents speak for themselves. Intervenor-Defendants are without knowledge sufficient to form a belief as to the veracity of the remaining allegations contained in paragraphs 31, 32, and 33 of the Amended Complaint, and therefore deny same.

13. Intervenor-Defendants deny the allegations contained in paragraphs 34 and 35 of the Amended Complaint, but affirmatively state that the May 14, 2010 letter written by Robert Kirchdorfer speaks for itself.

14. To the extent the allegations contained in paragraph 36, inclusive of its subparagraphs, and 37 of the Amended Complaint reference a report dated January 27, 2010, prepared by Tetra Tech,

Intervenor-Defendants state that the report speaks for itself. Intervenor-Defendants deny any allegations contained in paragraph 36, inclusive of its subparagraphs, and 37 of the Amended Complaint that conflict with the report.

15. Intervenor-Defendants are without knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 38 of the Amended Complaint, and therefore deny same.

16. With respect to the allegations contained in paragraph 39 of the Amended Complaint, as well as paragraph 40, inclusive of its subparagraphs, 41, 42, 43, 44, 45, 46, 48, and 61 of the Amended Complaint which refer to various exhibits in Plaintiff's Complaint, Intervenor-Defendants assert that the documents speak for themselves and further aver said documents merely contain the opinion of Plaintiff or Plaintiff's agents, the accuracy of which is generally denied by Intervenor-Defendant.

17. Intervenor-Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

18. Intervenor-Defendants admit the allegations contained in paragraph 49 of the Amended Complaint.

19. To the extent the allegations contained in paragraph 50 of the Amended Complaint reference Section 32.256(A)(9) of the Louisville Metro Code of Ordinances (referred to by Plaintiff as "City Ordinance Section 32.256(A)(9)"), Intervenor-Defendants state that the ordinance exists, speaks for itself, and must be read in its entirety. To the extent the allegations contained in paragraph 50 of the Amended Complaint conflict with the ordinance, Intervenor-Defendants deny those allegations.

20. To the extent the allegations contained in paragraph 51 of the Amended Complaint reference information contained in the records of the Louisville Metro Landmarks and Historic Preservation Districts Commission, Intervenor-Defendants state that those records speak for

themselves. Intervenor-Defendants deny any allegations contained in paragraph 51 of the Amended Complaint to the extent they are in conflict with those records.

21. Intervenor-Defendants incorporate their answers to paragraphs 1 through 51 of the Amended Complaint as if fully stated herein.

22. The allegations contained in paragraphs 53, 54, 55, 56, 57, 58, and 59 of the Amended Complaint are legal conclusions to which no response is required, but which are inaccurate and incomplete. To the extent the allegations contained in paragraphs 53, 54, 55, 56, 57, 58, and 59 of the Amended Complaint require a response, Intervenor-Defendants deny those allegations.

23. Intervenor-Defendants deny the allegations contained in paragraphs 60, 62, 63, 64, 65, and 66 of the Amended Complaint.

24. Intervenor-Defendants incorporate its answers to pargraphs 1 through 66 of the Amended Complaint as though fully stated herein.

25. Intervenor-Defendants denies the allegations contained in paragraphs 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, and 80 of the Amended Complaint.

26. Intervenor-Defendants incorporate their answers to paragraph 1 through 80 of the Amended Complaint as though fully stated herein.

27. To the extent the allegations contained in paragraph 82 and 85 of the Amended Complaint reference the "emergency demolition ordinance," Intervenor-Defendants states that the ordinance, which has not been specifically identified by Plaintiff, speaks for itself. Intervenor-Defendants deny the allegations contained in paragraphs 82 and 85 to the extent they conflict with the "emergency demolition ordinance."

28.  Intervenor –Defendants deny the allegations contained in paragraphs 83, 84, 85, and 87 of the Amended Complaint.

29.  Intervenor-Defendants admit the allegations contained in paragraph 86 of the Amended Complaint,  to the extent they address Metro Government's refusal to issue an emergency demolition order for the Properties.  Intervenor-Defendants deny the allegations contained in paragraph 86 of the Amended Complaint to the extent they characterize the Properties as "dangerous structures" such that an emergency demolition order should be issued.

30.  Intervenor-Defendants incorporate their answers to paragraphs 1 though 87 of  the Amended Complaint as though fully stated herein.

31.  To the extent the allegations contained in paragraph 89 of the Amended Complaint reference the "emergency demolition ordinance," Intervenor-Defendants state that the ordinance, which has not been specifically identified by Plaintiffs, speaks for itself.  Intervenor-Defendants deny the allegations contained in paragraph 89 of the Amended Complaint to the extent they conflict with the "emergency demolition ordinance."

32.  Intervenor-Defendants deny the allegations contained in paragraphs 90, 93, 94, 97, 98, 99, and 100 of the Amended Complaint.

33.  Intervenor-Defendants admit the allegations contained in paragraph 92 of the Amended Complaint as they relate to Metro Government's refusal to issue an emergency demolition order, but deny the remaining allegations of this paragraph.

34.  The allegations contained in paragraphs 95 and 96 of the Amended Complaint are legal conclusions, some of which are based on speculation, to which no response is required, and therefore these allegations are denied.

35.  Intervenor-Defendants incorporate their answers to paragraphs 1 though 100 of the Amended Complaint as if fully stated herein.

36.  Intervenor-Defendants admit the allegations contained in paragraph 102 of the Amended Complaint.

37.  The allegations contained in paragraph 103 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent this paragraph contains allegations to which a response is required, Intervenor-Defendants deny the allegations contained in paragraph 103 of the Amended Complaint.

38.  Intervenor-Defendants are without knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraphs 104 and 105 of the Amended Complaint, and therefore deny same.

39.  Intervenor-Defendants deny the allegations contained in paragraphs 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, and 118 of the Amended Complaint.

40.  Intervenor-Defendants incorporate their answers to paragraphs 1 through 120 of the Amended Complaint as though fully stated herein.

41.  Intervenor-Defendants admit the allegations contained in paragraphs 122 and 123 of the Amended Complaint, but are without information sufficient to form a belief as to the veracity of the allegations of paragraph 126 of the Amended Complaint, and therefore deny same.

42.  Intervenor-Defendants deny the allegations contained in paragraphs 124, 125, 127, 128, 129, 130, 132, 133, 134, and 135 of the Amended Complaint.

43. The allegations contained in paragraph 131 of the Amended Complaint are legal conclusions to which no response is required, and which are incomplete and inaccurate. To the extent a response is required, Intervenor-Defendants deny the allegations contained in paragraph 131 of the Amended Complaint.

44. Intervenor-Defendants incorporate their answers to paragraphs 1 through 135 of the Amended Complaint as though fully stated herein.

45. To the extent the allegations contained in paragraph 137 of the Amended Complaint reference an unspecified "Code," Intervenor-Plaintiffs state that the "Code" speaks for itself and must be read in its entirety. Without a specific reference to the "Code" in question, Intervenor-Defendants are unable to provide a more detailed response to the allegations contained in paragraph 137 of the Amended Complaint.

46. The allegations contained in paragraphs 138, 141, 142, 143, 144, 145, 146, and 147 of the Amended Complaint contain legal conclusions to which no response is required. To the extent these allegations require a response, Intervenor-Defendants deny the allegations contained in paragraphs 138, 141, 142, 143, 144, 145, 146, and 147 of the Amended Complaint.

47. Intervenor-Defendants deny the allegations contained in paragraph 139 and 140 of the Amended Complaint.

48. All allegations of Plaintiff's Complaint that have not been admitted shall be deemed denied.

49. Intervenor-Defendants reserve the right to amend this Answer in the event that information learned during the progression of this case provides them with reasons to so amend it.

**FIRST AFFIRMATIVE DEFENSE**

50. Plaintiff fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

51. Plaintiff's Amended Complaint fails to name indispensable parties.

**THIRD AFFIRMATIVE DEFENSE**

52. Plaintiff failed to exhaust available administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

53. Defendant did not infringe on any rights or privileges of Plaintiff established or protected by the United States or Kentucky Constitutions.

**FIFTH AFFIRMATIVE DEFENSE**

54. Defendant is entitled to the protection of sovereign immunity for all or a portion of the claims asserted under the Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

55. The injury claimed by Plaintiff was caused in full or in part by an entity or individual other than Defendant, including but not limited to Plaintiff.

WHEREFORE, Intervenor-Defendants pray as follows:

A. That the Complaint and each and every allegation contained therein be dismissed with prejudice;

B. That judgment be awarded in favor of Defendant and Intervenor-Defendants;

C.  That Intervenor-Defendants be awarded their costs and expenses incurred in this action, including reasonable attorneys' fees; and

D.  That Intervenor-Defendants be granted any and all further relief to which they may appear entitled.

Respectfully submitted,

s/Stephen T. Porter_____

Stephen T. Porter

2406 Tucker Station Road

Louisville, Kentucky 40299-4529

(502)297-9991

stpinlou@aol.com

COUNSEL FOR MOVANTS

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011, I electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Kentucky through the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Glenn A. Cohen, gcohen@derbycitylaw.com

Joseph H. Cohen, jcohen@derbycitylaw.com

Paul Joseph Hershberg, hershberg@derbycitylaw.com

Robyn R. Smith, rsmith@derbycitylaw.com

Johnathan Baker, johnathan.baker@louisvilleky.gov

N. Scott Lilly, scott.lilly@louisvilleky.gov

Theresa Zawacki Senninger, theresa.senninger@louisvilleky.gov

I further certify that on the same day I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

Gordon C. Rose

Weber & Rose, P.S.C.

471 West Main Street, Suite 400

Louisville, Kentucky 40202

s/Stephen T. Porter_____

Counsel for Intervenor-Defendants